# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 26, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| CHRISTINE MCGEE, | * | No. 18-1778V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | Decision on Proffer; Damages; |
| | * | Influenza ("Flu") Vaccine; Shoulder |
| SECRETARY OF HEALTH | * | Injury Related to Vaccine |
| AND HUMAN SERVICES, | * | Administration ("SIRVA") |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Andrew Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.
*Jennifer Reynaud*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On November 16, 2018, Christine McGee ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program. Pet., ECF No. 1; 42 U.S.C. § 300aa-10, *et seq.*[2] (2012) ("Vaccine Act" or "Program"). Petitioner alleged that an influenza ("flu") vaccine administered on October 24, 2017, caused her to suffer from "a left shoulder injury as a result of incorrect administration of" the vaccine. Pet. at 1.

On January 17, 2020, Respondent filed his report pursuant to Vaccine Rule 4(c). Resp't's Report, ECF No. 25. Respondent argued that Petitioner has a chronic pre-vaccination injury that "would explain Petitioner's symptoms." *Id.* at 4. Respondent also noted that Petitioner cannot establish pain onset within 48 hours of vaccination because she did not seek medical care for 162 days following receipt of her flu vaccine. *Id.* at 6. This delay, Respondent wrote, "plac[es] in doubt any recollection by [P]etitioner that her pain began soon after the vaccine." *Id.* The parties then filed briefs regarding the issue of onset. ECF Nos. 34, 37–38. On November 30, 2021, the

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

undersigned issued a Fact Ruling and determined that Petitioner provided preponderant evidence that her shoulder pain began within 48 hours of her vaccination. *See* ECF No. 39.

Respondent filed an amended Rule 4(c) report on April 1, 2022, advising that Respondent "will not defend the case on other grounds" and noting that "[P]etitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI") for [a shoulder injury related to vaccine administration ("SIRVA")]." Am. Resp't's Report at 2, ECF No. 43 (citing 42 C.F.R. §§ 100.3(a)(XIV), (c)(10)). On April 5, 2022, the undersigned issued a Ruling on Entitlement, finding that Petitioner is entitled to compensation for her SIRVA. Ruling on Entitlement, ECF No. 44.

Following negotiations, on January 20, 2023, Respondent filed a Proffer on Award of Damages ("Proffer"). Proffer, ECF No. 54. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner:

> **[A] lump sum payment of $25,000.00, [representing actual and projected pain and suffering,] in the form of a check payable to [P]etitioner. This [amount] represents all elements of compensation to which [P]etitioner would be entitled under 42 U.S.C. § 300aa-15(a).**

*Id.* at 2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHRISTINE McGEE,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | No. 18-1778V<br>Special Master Sanders |

**PROFFER ON AWARD OF DAMAGES**

On November 16, 2018, Christine McGee ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that she sustained a left shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following an influenza ("flu") vaccine on October 24, 2017. Petition at 1. On April 1, 2022, the Secretary of Health and Human Services ("respondent") filed an Amended Rule 4(c) Report advising that, in light of Special Master Sander's Findings of Fact ruling that the onset of petitioner's left shoulder pain occurred within 48 hours of vaccination, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. Amended Rule 4(c) Report at 5-6 (ECF No. 43). On April 5, 2022, Special Master Sanders issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her SIRVA.[1]  *See* Ruling on Entitlement (ECF No. 44).

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent

1

I. **Item of Compensation**

Respondent proffers that petitioner should be awarded $25,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

II. **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$25,000.00** in the form of a check made payable to petitioner.[2] This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA ENGLUND
Assistant Director
Torts Branch, Civil Division

---

reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's April 5, 2022 entitlement decision.

[2] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

                                        s/Jennifer L. Reynaud  
                                        JENNIFER L. REYNAUD  
                                        Senior Trial Attorney  
                                        Torts Branch, Civil Division  
                                        U.S. Department of Justice  
                                        P.O. Box 146  
                                        Benjamin Franklin Station  
                                        Washington, D.C. 20044-0146  
                                        Tel: (202) 305-1586  
                                        Jennifer.L.Reynaud@usdoj.gov

DATED: January 20, 2023